FILED
Loren Jackson
District Clerk

NOV 18 2009

CAUSE NO. 2009-74811

Time: 9:27 a.m.

By _____ Deputy
Harris County, Texas

| | | |
|---|---|---|
| GATEHOUSE APARTMENTS LLC, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| LEXINGTON INSURANCE | § | |
| COMPANY, CUNNINGHAM | § | 334th JUDICIAL DISTRICT |
| LINDSEY USA, INC. AND | § | |
| PAUL E. ODEM, | § | |
| Defendants | § | JURY TRIAL REQUESTED |

## PLAINTIFF'S ORIGINAL PETITION, REQUESTS FOR DISLCOSURE AND REQUESTS FOR PRODUCTION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Gatehouse Apartments LLC ("Plaintiff" or "Gatehouse") files this Original Petition, Request for Disclosure and Request for Production against Lexington Insurance Company ("Lexington" or "Insurance Defendant"), Cunningham Lindsey U.S., Inc ("the Adjuster"), and Paul E. Odom ("Odom") and in support thereof, would show as follows:

### I. DISCOVERY LEVEL

1. Pursuant to rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends for discovery to be conducted under Level 3.

### II. VENUE

2. Venue is appropriate in Harris County, Texas because all or part of a tort was committed in Harris County, Texas, a contract was entered into in Harris County, Texas, and the Plaintiff and property which is the subject of this suit are located in Harris County, Texas.

1



EXHIBIT A

Certified Document Number: 43894638 - Page 1 of 16

## III. PARTIES

3. Plaintiff is a Texas limited liability corporation with its principle place of business in Harris County, Texas.

4. The Insurance Defendant is a foreign insurance company with its principle place of business in Boston, Massachusetts. The Insurance Defendant is a surplus lines insurance carrier which engages in the business of insurance in Texas. It may be served with process by serving the Commissioner of Insurance of the State of Texas, Mike Geeslin, 333 Guadalupe, Austin, Texas 78701. Plaintiff requests that citation be issued and that service be made by certified mail, return receipt requested.

5. Cunningham Lindsey U.S., Inc. ("The Adjuster") is a domestic insurance adjusting company domiciled in Lewisville, Texas. The Adjuster may be served with process by serving its registered agent for service, CT Corporation, 350 N. St. Paul Street, Dallas, Texas 75201. The Adjuster engages in the business of insurance in Texas. Plaintiff request that citation be issued and that service be made by certified mail, return receipt requested.

6. Paul E. Odom ("Odom") is an adjuster employed by Defendant Cunningham Lindsey, U.S., Inc. He may be served with process at his place of employment at 4201 FM 1960 West, Suite 255, Houston, Texas 77068. Plaintiff requests that citation be issued and that service be made by certified mail, return receipt requested.

## IV. NATURE OF THE CASE; RELIEF SOUGHT

7. This is a first-party insurance coverage case stemming from extensive damage to Plaintiff's apartment complex caused by wind and water. Plaintiff seeks a declaration that its property losses are covered by an insurance policy issued by the Insurance Defendant. Plaintiff seeks damages for breach of contract, violations of the Texas Insurance Code, violations of the deceptive

2

Trade Practices Act, fraud, negligence and common law bad faith. Plaintiff also seeks its attorney's fees, costs of court and pre- and post-judgment interest.

### V. BACKGROUND FACTS

8. Plaintiff owns an apartment complex named Gatehouse Apartments at 2704 Beatty, Houston, Harris County, Texas 77023 ("The Apartments" or "The Property"). The Insurance Defendant sold a Policy No. NAM20088064-01 to Plaintiff ("The Policy"). The Policy covered the Apartments against loss by wind and water, among other perils.

9. On the night of September 13/14, 2008, extreme weather ("Hurricane Ike") struck the Houston area. Winds were a sustained 95 miles per hour (and gusting higher than 125 miles per hour) at the ground level. The area also experienced significant rainfall.

10. As a consequence of the extreme weather, all parties agree that the Apartments sustained extensive damage.

11. Under its obligation as a policy holder, Gatehouse Apartments had paid all related commercial premiums in a timely fashion. The commercial policy at issue covered Gatehouse Apartments during the time period within which Hurricane Ike struck Houston, Texas as well as its surrounding area.

12. Plaintiff gave timely notice to the Insurance Defendant.

13. The Insurance Defendant assigned the claim to the Adjuster and Odom to investigate report on and adjust the loss.

14. Plaintiff was only contacted once by Odom and the Adjuster. For months, Plaintiff heard nothing more from Odom and the Adjuster. Plaintiff continually called and emailed Odom and the Adjuster, provided them with information and told them it was urgent that their claim be adjusted and paid in a timely manner. Odom and the Adjuster refused to respond or investigate. Finally,

3

Odom went to Gatehouse Apartments and performed a cursory investigation. Based on this belated and cursory investigation by Odom and the Adjuster, the Insurance Defendant finally tendered an advance of $245,000.00 and a belated payment of $40,174.08 as actual cash value, for a total payment of only $285,174.08 despite a loss on Gatehouse Apartments of at least $801,298.16.

15. The Insurance Defendant failed and refused to pay Plaintiff in accordance with its promise under the Policy.

16. The Insurance Defendant has failed to make an attempt to settle Plaintiff's claim in a fair manner, although its liability to the Plaintiff under the Policy is without dispute. This conduct violates Tex. Ins. Code Sec. 541.060(a)(2)(A).

17. The Insurance Defendant, the Adjuster and Odom have failed to explain the reasons for its offer of inadequate compensation. The Insurance Defendant, the Adjuster and Odom have failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. The Insurance Defendant did not communicate any future settlements or payments would be forthcoming to pay the entire loss covered under the Policy. This conduct violates Tex. Ins. Code sec. 541.060(a)(3).

18. The Insurance Defendant, the Adjuster and Odom have failed to affirm or deny coverage within a reasonable time. Plaintiff did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from the Insurance Defendant, the Adjuster and Odom in a timely manner. This conduct violates Tex. Ins. Code Sec. 541.060(a)(4).

19. The Insurance Defendant refused to fully compensate Plaintiff under the terms of the policy even though the Insurance Defendant failed to conduct a reasonable investigation. The Insurance Defendant, the Adjuster and Odom performed a result-oriented investigation of Plaintiff's claim which resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses. This

4

Certified Document Number: 43894638 - Page 4 of 16

conduct violates Tex. Ins. Code Sec. 541.060(a)(7).

20. The Insurance Defendant, the Adjuster and Odom failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by the statute. This conduct violates Tex. Ins. Code Sec. 542.055.

21. The Insurance Defendant, the Adjuster and Odom failed to accept or deny Plaintiffs' full and entire claim within the time period mandated by statute. This conduct violates Tex. Ins. Code Sec. 542.056.

22. The Insurance Defendant failed to meet its obligation under the Texas Insurance Code regarding payment of the claim without delay. This conduct violates Tex. Ins. Code Sec. 542.058.

### VI. CLAIMS AGAINST LEXINGTON

23. **Breach of Contract.** Plaintiff re-alleges the foregoing paragraphs. The acts and omissions of the Insurance Defendant and its agents constitute a breach and/or an anticipatory breach of the Insurance Defendant's contract with Plaintiff. Plaintiff has satisfied all conditions precedent to the fulfillment of its contractual demands. Accordingly, additionally or in the alternative, Plaintiff brings an action for breach of contract against the Insurance Defendant pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seeks all of its damages for such breach, including actual damages, consequential damages, attorney's fees, prejudgment interest, other litigation expenses and costs of court.

24. **Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, the Insurance Defendant was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the Insurance Defendant and its

5

Certified Document Number: 43894638 - Page 5 of 16

agents constitute one or more violations of the Texas Insurance Code. More Specifically, the Insurance Defendant has, among other violations, violated the following provisions of the Code:

- Insurance Code chapter 542, the Prompt Payment Act.
- Insurance Code chapter 541, section 541.060 by, among other things:

  a. Misrepresenting one or more material facts and/ or policy provisions relating to coverage;

  b. Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim with respect to which their liability has become reasonably clear;

  c. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to its claim with respect to another portion of the policy;

  d. Failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

  e. Refusing to affirm or deny coverage within a reasonable period of time; and/or

  f. Refusing to pay Plaintiff's claim without conducting a reasonable investigation.

25. Where statements were made by the Insurance Defendant, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions where "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code. The Insurance Defendant has also violated the Prompt Payment

6

of Claims Act and Plaintiff seeks 18% damages as a penalty, plus reasonable attorney's fees incurred as a result of these violations.

26. These violations of the Texas Insurance Code have caused Plaintiff Damages which it is presently not seeking (with the exception of the Prompt Payment claim) but which it will seek after it has sent the Insurance Defendant a "60 day notice letter." At that time, if the Insurance Defendant does not accept the offer, Plaintiffs will amend its pleading to fully assert these claims and will seek its damages, including, without limitation economic damages, actual damages, consequential damages, treble damages and necessary attorney's fees.

27. **Violations of the Texas Deceptive Trade Practices Act.** Plaintiff re-alleges the foregoing paragraphs. At all times pertinent, Plaintiff was a "consumer" as defined in Section 17.45(4) of the Texas Business and Commerce Code, the Texas Deceptive Trade Practices Act ("DTPA"), in that Plaintiff did not have more than $25,000,000 in assets.

28. The Insurance Defendant and its agents violated provisions of the DTPA, including the following:

    a. Violations of the Texas Insurance Code as set forth above;

    b. Representing that the Policy had benefits that it did not have;

    c. Representing that the Policy conferred or involved rights and remedies that it did not have;

    d. Promulgating and selling a policy that is essentially worthless, provides little or no coverage and is illusory;

    e. Misrepresenting the terms of an agreement;

    f. Representing that the policy had characteristics, standards, or coverage which it did not have;

7

    g. Failing to disclose information that was known at the time of the purchase of the Policy because it was intended to induce Plaintiff into purchasing the Policy; and/or

    h. Engaging in an unconscionable act or course of action.

29. The deceptive acts and practices as alleged herein were committed in connection with Plaintiff's purchase of and claim under the Policy. Plaintiff relied on the false, misleading and deceptive acts and practices as above alleged to its detriment, and the conduct described above was the producing cause of injury and damage to Plaintiff. As a result of the foregoing conduct, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. However, Plaintiff is not at this time seeking those damages, but will do so after proving a "60 day notice letter" to the insurance defendant. At that time, if the Insurance Defendant does not accept the offer, Plaintiffs will amend its pleadings to assert these claims against the Insurance Defendant.

30. One or more of the foregoing acts or missions were "knowingly" made. Accordingly, Plaintiff will seek treble damages pursuant to DTPA Section 17.50(b)(1).

31. **"Bad Faith".** Plaintiff re-alleges the foregoing paragraphs. The Insurance Defendant has refused to pay or delayed in paying a claim for liability after liability has become reasonably clear. The Insurance Defendant has refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle the claims submitted by Plaintiff. This constitutes a breach of its common law duty of good faith and fair dealing, i.e., it is acting in "bad faith."

32. Moreover, the Insurance Defendant has "investigated" and "adjusted" Plaintiff's claim in a malicious, intentional, fraudulent and or grossly negligent fashion, and Plaintiff is

8

entitled to extra-contractual damages, including punitive damages. Plaintiff has sustained and continues to sustain serious damage to its property as a result of the Insurance Defendants refusal to honor the Policy. The Insurance Defendant is well aware that its actions involve an extreme risk that Plaintiff will suffer financial damages as a result of its refusal to honor its obligations, yet it is consciously indifferent to Plaintiff's rights. Plaintiff is entitled to recover its actual damages, consequential damages, punitive damages, and pre- and post-judgment interest.

### VII. CLAIMS AGAINST THE ADJUSTERS

33. **Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, the Adjuster and Odom were engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the Adjuster and Odom and their agents constitute one or more violations of the Texas Insurance Code. More specifically, the Adjuster and Odom have, among other violations, violated the following provisions of the Code:

- Insurance Code chapter 541, section 541.060 by, among other things:

    g. Misrepresenting one or more material facts and/ or policy provisions relating to coverage;

    h. Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim with respect to which their liability has become reasonably clear;

    i. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to its claim with respect to another portion of the policy;

    j. Failing to promptly provide a reasonable explanation of the basis in law or fact for

Certified Document Number: 43894638 - Page 9 of 16

the denial of Plaintiff's claims;

k. Refusing to affirm or deny coverage within a reasonable period of time; and/or

l. Refusing to pay Plaintiff's claim without conducting a reasonable investigation.

34. Where statements were made by the Adjuster and Odom, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions where "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

35. **Violations of the Texas Deceptive Trade Practices Act.** Plaintiff re-alleges the foregoing paragraphs. At all times pertinent, Plaintiff was a "consumer" as defined in Section 17.45(4) of the Texas Business and Commerce Code, the Texas Deceptive Trade Practices Act ("DTPA"), in that Plaintiff did not have more than $25,000,000 in assets.

36. The Adjuster and Odom and their agents violated provisions of the DTPA, including the following:

a. Violations of the Texas Insurance Code as set forth above;

b. Representing that the Policy had benefits that it did not have;

c. Representing that the Policy conferred or involved rights and remedies that it did not have;

d. Promulgating and selling a policy that is essentially worthless, provides little or no coverage and is illusory;

e. Misrepresenting the terms of an agreement;

f. Representing that the policy had characteristics, standards, or coverage which it

10

did not have;

g. Failing to disclose information that was known at the time of the purchase of the Policy because it was intended to induce Plaintiff into purchasing the Policy; and/or

h. Engaging in an unconscionable act or course of action.

37. The deceptive acts and practices as alleged herein were committed in connection with Plaintiff's submission of a claim under the Policy. Plaintiff relied on the false, misleading and deceptive acts and practices as above alleged to its detriment, and the conduct described above was the producing cause of injury and damage to Plaintiff. As a result of the foregoing conduct, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. However, Plaintiff is not at this time seeking those damages, but will do so after proving a "60 day notice letter" to the Adjuster and Odom. At that time, if the Adjuster and Odom do not accept the offer, Plaintiffs will amend its pleadings to assert these claims against the Adjuster and Odom.

38. One or more of the foregoing acts or missions were "knowingly" made. Accordingly, Plaintiff will seek treble damages pursuant to DTPA Section 17.50(b)(1).

### VIII. PATTERN AND PRACTICE

39. Plaintiff's experience is not an isolated case. The acts and omissions of the DEFENDANTS committed in this case, or similar acts and omissions, occur with such a frequency that they constitute a general business practice and pattern of the DEFENDANTS with regard to handling these types of claims. The DEFENDANTS entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders. Because of this pattern and practice, Plaintiff is entitled to recover punitive damages against Defendants.

11

Certified Document Number: 43894638 - Page 11 of 16

## IX. ATTORNEY'S FEES

40. Plaintiff re-alleges the foregoing paragraphs. Plaintiff has been required to engage the services of the undersigned attorneys and has agreed to pay its attorneys a reasonable fee for services expended and to be expended in the prosecution of its claims against Lexington Insurance Company, Cunningham Lindsey U.S., Inc. and Paul E. Odom through the trial and all levels of the appellate process. Plaintiff seeks the recovery of all of its attorney's fees and expenses.

41. With respect to all causes of action asserted herein, Plaintiff seeks the recovery of prejudgment and post judgment interest.

## X. CONDITIONS PRECEDENT

42. All conditions precedent for Plaintiff to recover under the Policy have been or will be met.

## XI. JURY DEMAND

43. Plaintiff requests that a jury be convened to try the factual issues in this action.

## XII. REQUEST FOR DISCLOSURE

44. Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that all defendants provide the information required in a Request for Disclosure.

## XIII. REQUEST FOR PRODUCTION TO LEXINGTON

45. Produce the master policy for Policy No. NAM20088064-01.

46. Produce the standard operating procedures or "SOP" for handling any and all claims for Policy No. NAM20088064-01.

47. Produce Lexington's complete file for this property relating to or arising out of

12

Certified Document Number: 43894638 - Page 12 of 16

any damage which occurred on or about September 13/14, 2008, including the master policy.

48. Produce all emails and other forms of communication between Lexington, its agents, adjuster, employees, or representatives and Cunningham Lindsey, its agents, adjuster, employees, or representatives, including Paul Odom, relating to, mentioning, concerning or evidencing the Property which is the subject of this suit and/or the damage to the Property which is the subject of this suit.

### XIV. REQUEST FOR PRODUCTION TO CUNNINGHAM LINDSEY

49. Produce Cunningham Lindsey's complete claim or adjusting file for this Property which is the subject of this suit relating to or arising out of any damage which occurred on or about September 13/14, 2008.

50. Produce all emails and other forms of communication between Lexington, its agents, adjuster, employees, or representatives and Cunningham Lindsey, its agents, adjuster, employees, or representatives, including Paul Odom, relating to, mentioning, concerning or evidencing the Property which is the subject of this suit and/or the damage to the Property which is the subject of this suit.

51. Produce Paul E. Odom's personnel file (with all medical history and information excluded), including but not limited to, all evaluations, performance critiques, positive or negative comments about his job performance, raises, bonuses, promotions or demotions.

52. Produce all claim information, including any and all communications between Cunningham Lindsey its agents, adjuster, employees, or representatives, and Lexington, its agents, adjuster, employees, or representatives, regarding any and all claims made, whether accepted, denied, rights reserved, in litigation or not in litigation, regarding Policy No. NAM20088064-01 relating to or arising out of any damage which occurred on or about

13

Certified Document Number: 43894638 - Page 13 of 16

September 13/14, 2008 in Houston, Harris County, Texas, arising out of Hurricane Ike and its aftermath.

53. Produce the standard operating procedures or "SOP" for handling any and all claims for Policy No. NAM20088064-01.

### XV. REQUEST FOR PRODUCTION TO PAUL E. ODOM

54. Produce all emails and other forms of communication between you and Lexington, its agents, employees, or representatives relating to, mentioning, concerning or evidencing the Property which is the subject of this suit and/or the damage to the Property which is the subject of this suit.

55. Produce all emails and other forms of communication between you and Gatehouse Apartments, its agents, adjuster, employees, or representatives relating to, mentioning, concerning or evidencing the Property which is the subject of this suit and/or the damage to the Property which is the subject of this suit.

56. Produce all emails and other forms of communication between you Lexington, its agents, adjuster, employees, or representatives, relating to, mentioning, concerning or evidencing the Property which is the subject of this suit and/or the damage to the Property which is the subject of this suit.

57. Produce your complete claim or adjusting file for this Property which is the subject of this suit relating to or arising out of any damage which occurred on or about September 13/14, 2008.

58. Produce all claim information, including any and all communications between you and and Lexington, its agents, adjuster, employees, or representatives, regarding any and all claims made, whether accepted, denied, rights reserved, in litigation or not in litigation, regarding

14

Certified Document Number: 43894638 - Page 14 of 16

Policy No. NAM20088064-01 relating to or arising out of any damage to any and all properties covered by said policy which occurred on or about September 13/14, 2008 in Houston, Harris County, Texas, arising out of Hurricane Ike and its aftermath.

59.   Produce the standard operating procedures or "SOP" for handling any and all claims for Policy No. NAM20088064-01.

### XVI. PRAYER

WHEREFORE, Plaintiff seeks the following relief:

A.   Damages against the Insurance Defendant, The Adjuster and Paul Odom jointly and severally for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses and costs of court;

B.   Penalty in the amount of 18 % damages for violations of the Prompt Payment Act;

C.   Damages against the Insurance Defendant, The Adjuster and Paul Odom jointly and severally for other violations of the Texas Insurance Code, including, without limitation, economic damages, actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees.

D.   Damages against the Insurance Defendant, The Adjuster and Paul Odom jointly and severally for other violations of the Texas Deceptive trade practices Act, including, without limitation, economic damages, actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees.

E.   Damages against the Insurance Defendant, The Adjuster and Paul Odom jointly and severally for breach of the duty of good faith and fair dealing and negligent claims handling, including actual damages, consequential damages, punitive damages, and pre- and post-judgment interest; and

15

Certified Document Number: 43894638 - Page 15 of 16

F.   Plaintiff also seeks all other relief and rulings to which it may be legally or equitably entitled.

Respectfully submitted,

KEVIN L. COLBERT
MASON, COPLEN & BANKS, P.C.
SBOT: 04528550
COLKE1@MSN.COM
7500 San Felipe, Suite 700
Houston, Texas 77063
Telephone: (713) 785-5595
Facsimile:   (713) 785-8651
**Attorney in charge for
PLAINTIFF**

Certified Document Number: 43894638 - Page 16 of 16



I, Loren Jackson, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date
Witness my official hand and seal of office this November 19, 2009

Certified Document Number: 43894638 Total Pages: 16

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**